IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE FLINTKOTE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>AVIVA P.L.C., formerly known as<br>COMMERCIAL UNION ASSURANCE<br>COMPANY LTD.,<br><br>  Defendant. | C.A. No. 13-103-LPS |

## MEMORANDUM OPINION

Presently before the Court is Defendant Aviva's Renewed Motion to Dismiss or, in the Alternative, Transfer Venue (the "Motion") (D.I. 38), in response to Plaintiff Flintkote Company's Complaint (D.I. 1) for declaratory relief.  For the reasons discussed, the Court will grant the Motion in part and transfer this case.

**I.  BACKGROUND**

On May 1, 2004, Flintkote and related entities (collectively "Flintkote") filed for chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  (Bankr. Case No. 04-11300, D.I. 1)  On December 21, 2012, the Bankruptcy Court entered an Opinion and Order confirming Flintkote's Amended Joint Plan of Reorganization.  (*Id.* at D.I. 7253–54)  This Plan provides for the creation of a statutory trust pursuant to 11 U.S.C. §524(g), in which Flintkote will eventually channel all of its prior asbestos liabilities.  (D.I. 42-1)  Presently, the Bankruptcy Court has approved a Modified Plan for voting, with a confirmation hearing scheduled for April 10, 2015.  (Bankr. Case No. 04-11300, D.I. 8768)  This Modified Plan would supersede the existing Plan.

---

Defendant Aviva is a London-based insurance company that issued asbestos liability insurance policies to Flintkote. Flintkote has been litigating with Aviva for decades regarding the scope of coverage and the rights and obligations of the parties under settlement agreements reached in 1985 and 1989. (D.I. 39 at 4) From 2006 to 2012, Flintkote and Aviva mediated these coverage disputes. (D.I. 11 at ¶¶ 10–11) Following an impasse, on December 24, 2012, Aviva moved the Bankruptcy Court to lift the automatic stay imposed by 11 U.S.C. § 362(d), intending to file suit for declaratory relief in the Northern District of California. (D.I. 39-1; Bankr. Case No. 04-11300, D.I. 7256-2) One week before the scheduled hearing on Aviva's motion to lift the stay,[1] Flintkote preemptively filed for identical declaratory relief in this Court. (D.I. 1) Flintkote then filed a Motion to Compel Arbitration on February 18, 2013. (D.I. 9) Aviva filed a Motion to Dismiss or, in the Alternative, Transfer Venue on March 1, 2013. (D.I. 13) The parties briefed those matters and the Court heard oral arguments on July 31, 2013. (D.I. 10, 14, 15, 16, 18, 20) The Court entered an Order on September 30, 2013, granting Flintkote's Motion to Compel Arbitration and dismissing as moot Aviva's Motion for Summary Judgment and Motion to Dismiss or, in the Alternative, Transfer. (D.I. 29)

On October 31, 2014, the United States Court of Appeals for the Third Circuit reversed this Court's September 30, 2013 Order compelling arbitration and vacated the Order denying the motion to transfer as moot. (D.I. 37) Accordingly, Aviva filed its Renewed Motion to Dismiss

---

[1] The Bankruptcy Court granted Aviva's motion for relief from stay on February 4, 2013, (Bankr. Case No. 04-11300, D.I. 7349), and Aviva filed its Complaint in the Northern District of California on February 19, 2013, which was the first day it could do so pursuant to Fed. R. Bankr. P. 4001(a)(3). (D.I. 39-2)

or, in the Alternative, Transfer Venue on November 5, 2014. (D.I. 38) The parties fully briefed[2] the issues and the Court heard oral argument on March 18, 2015. (D.I. 39, 42, 43)

## II. CONTENTIONS

Aviva seeks to dismiss this case as an anticipatory filing, which is an exception to the first-filed rule. (D.I. 39 at 7; see *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990)) Aviva claims that Flintkote's filing was an attempt to forum shop, based on the fact that the motion to lift the stay provided Flintkote with clear knowledge of Aviva's intent to file suit in California. (*Id.*) In response, Flintkote maintains that the Court should give deference to its choice of forum in accordance with the equitable "first-filed" rule. (D.I. 42 at 7) Flintkote offers four arguments disputing Aviva's invocation of the anticipatory filing exception to the first-filed rule. First, Flintkote argues that it was misled by Aviva's ongoing participation in alternative dispute resolution. (*Id.* at 8) Second, Flintkote contends that Aviva's initial California Suit was legally deficient, which negates the anticipatory filing exception. (*Id.* at 9) Third, Flintkote reasons that Aviva's forum shopping allegation ignores the reality that Delaware is the most convenient forum for both litigants. (*Id.* at 11) Finally, Flintkote argues that it properly used the Bankruptcy Code's automatic stay to protect assets. (*Id.* at 13) Alternatively, Aviva moves to transfer this case under 28 U.S.C. § 1404(a). (D.I. 38) Each party claims that the totality of the applicable § 1404(a) factors weighs in its favor. (D.I. 39 at 14; D.I. 42 at 15)

---

[2] Flintkote attempts to supplement its Answering Brief by "incorporating by reference" the earlier papers it filed in response to Aviva's initial Motion to Dismiss. (D.I. 42 at 6) ("Flintkote incorporates by reference its Opposition to Aviva's original motion to dismiss or transfer this matter and refers the Court to those papers.") The Court cannot permit this practice as it effectively subverts the briefing page limits. Accordingly, Aviva's objection to this purported incorporation is sustained and the Court will not consider Flintkote's earlier briefing. (D.I. 43 at 1 n.3)

### III. LEGAL STANDARDS

#### A. "First-Filed" Doctrine

The first-filed rule provides that "[i]n all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941). This rule "encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court the power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *Univ. of Pa.*, 850 F.2d at 971. The Third Circuit in *Univ. of Pa.* recognized, however, that this rule may not apply if a litigant's behavior demonstrates "extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *Id.* at 972. The first-filed rule will not apply "when the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." *Id.* at 976.

#### B. Motion to Transfer

Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "While there is no definitive formula or list of the factors to consider . . . courts have considered many variants of the private and public interests protected by the language of § 1404(a)." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). "The court engages in a two-step inquiry, asking first whether the action could have been brought originally in the proposed transferee forum and then whether transfer would best serve the

4

convenience of the parties and witnesses as well as the interests of justice." *Woodbolt Distribution, L.L.C. v. Natural Alternatives Int'l*, 2013 WL 247041, at *2 (D. Del. Jan. 23, 2013).

Relevant private interests include plaintiff's forum preference, defendant's forum preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses, and the location of books and records. *Jumara,* 55 F.3d at 879. Public interests include the enforceability of the judgment, practical considerations, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law. *Id.*

## IV. DISCUSSION

Aviva argues that although Flintkote filed this action first, the Court should depart from the first-filed rule because of Aviva's anticipatory filing. (D.I. 39 at 7) The Third Circuit, in *Univ. of Pa.*, 850 F.2d at 972, held that an anticipatory filing could provide a basis for a district court to depart from the conventional first-filed rule. The underlying dispute in that case arose when a faculty member of the University was denied tenure and filed an EEOC charge. This prompted the EEOC to open an investigation. *Id.* at 972. The EEOC filed a subpoena against the University seeking various documents, and the University responded by requesting that the EEOC limit the scope of its subpoena. *Id.* Subsequently, "[t]he EEOC notified the University that unless it responded to the subpoena within twenty days of receiving the agency decision, subpoena enforcement proceedings would be initiated." *Id.* at 973. Three days before this grace period expired, the University filed suit for declaratory judgment and injunctive relief in the District of Columbia. *Id.* The EEOC then instituted its subpoena enforcement action in the

Eastern District of Pennsylvania. *Id.* The University invoked the first-filed rule and moved to dismiss the second-filed EEOC action in the Eastern District of Pennsylvania. *Id.*

That Court denied the University's motion to dismiss. *Id.* On appeal, the Third Circuit affirmed that decision and allowed the case to proceed in the Eastern District of Pennsylvania despite the fact that the University had filed for declaratory relief first in the District Court for the District of Columbia. *Id.* at 977. The Court's decision to uphold the district court's departure from the first-filed rule rested principally upon two factors: (1) the timing of the University's lawsuit in light of the EEOC's litigation threat, and (2) the finding that the University was motivated to seek an alternative forum to avoid adverse case law. *Id.* The Court reasoned:

> The timing of the University's filing in the District of Columbia indicates an attempt to preempt an imminent subpoena enforcement in the Eastern District of Pennsylvania. . . . Instead of complying with the ruling or notifying the EEOC of its intent to contest the ruling, the University filed suit in the District of Columbia three days before the expiration of the grace period during which the EEOC stated it would not resort to a judicial enforcement proceeding.
>
> Moreover, the University has acknowledged that our decision in *Franklin & Marshall* presented a problem with respect to its plan to contest the EEOC's refusal to modify the subpoena to recognize first amendment considerations of academic freedom. Even if this factor, standing alone, were insufficient to justify departure from the first filed rule, when viewed through the factual prism of this proceeding, the University's effort to evade a decision in this Circuit violates the equitable basis for the rule, and creates several problems that cannot be ignored.

*Id.* The Court concluded that "[b]ecause the first-filed rule is based on principles of comity and equity, it should not apply when at least one of the filing party's motives is to circumvent local law and preempt an imminent . . . action." *Id.*

The identical two offending factors from *Univ. of Pa.* are present in this case. On December 24, 2012, Aviva filed its motion to lift the automatic stay. (D.I. 39 at Ex. A) It is abundantly clear from the substance of that motion and the attached proposed complaint that Aviva intended to file suit for declaratory relief against Flintkote in the Northern District of California. (*Id.* at 7; *see* Bankr. Case No. 04-11300, D.I. 7256-2) One week before the Bankruptcy Court heard and granted the motion to lift the stay, Flintkote filed a Complaint in this Court seeking relief on the same issues Aviva intended to raise in the California suit. (*Compare* D.I. 1 at 9 *with* D.I. 39 at Ex. A) (both complaints seeking declaratory judgment of parties' rights and obligations under 1989 asbestos liability coverage settlement agreement) Much like the University's use of the EEOC's grace period in *Univ. of Pa.*, Flintkote used the automatic stay to its advantage to file in this Court before Aviva's forthcoming California suit.

Also similar to the offending party in *Univ. of Pa.*, the record establishes that Flintkote filed preemptively in Delaware in order to circumvent unfavorable local California law.[3] Flintkote clearly recognizes that California law could now be detrimental to its position, noting that "[in 2006], the California Appellate Court issued its ruling in *Fuller-Austin Insulation Co. v. Highlands Ins. Co.*, 38 Cal. Rptr. 3d 716 (Cal. App. 2006), which if applied to Flintkote Trust claims would be financially beneficial to Aviva." (D.I. 42 at 3–4; *see also* D.I. 39, Ex. H at 7) In response, Flintkote accuses Aviva of forum shopping, by attempting to file in the Northern District of California to take advantage of the *Fuller-Austin* decision. (D.I. 42 at 12 n. 4)

---

[3] It is unnecessary (and would be premature) for the Court to decide whether California law applies to the underlying insurance dispute, or how the choice of law doctrines differ between California and Delaware. It is sufficient for purposes of evaluating the pending motion to find that Flintkote has identified California law as being unfavorable to its position, and seeks to avoid that forum in order to reduce the possibility that the adverse law will apply. *See Univ. of Pa.*, 850 F.2d at 972 ("When the University filed the first suit, . . . it knew the EEOC's enforcement action was imminent, and that precedent in th[e Third Circuit] . . . **might** favor resolution of the dispute in favor of the EEOC.") (emphasis added).

7

To some extent, when a decision exists that is detrimental to one party's position, each party could be rightfully accused of forum shopping by attempting to select a forum either to invoke or avoid that decision. However, under the totality of the circumstances, the Court finds that Flintkote's behavior is closer to the type of forum shopping the law intends to discourage. First, in contrast to Flintkote's action, there is no evidence that Aviva engaged in an anticipatory filing. Second, Aviva's decision to file suit in the Northern District of California was a logical forum considering that Flintkote is headquartered within that district, it has litigated in that state for decades, and Aviva is a foreign entity.[4] Most notably, prior to the 2006 *Fuller-Austin* decision, Flintkote had commenced an insurance coverage litigation action against Aviva in the Northern District of California. *See Flintkote Co. v. Gen. Accident Assurance Co. of Canada*, 2004 WL 1977220 (N.D. Cal. Sept. 7, 2004) (alleging breach of contract action against Aviva relating to asbestos liability coverage). A litigant "should not oppose litigating in a court in which it previously litigated without complaint." *Cellectis S.A. v. Precision Biosciences, Inc.*, 881 F. Supp. 2d 609, 613 (D. Del. 2012). In that prior litigation, Flintkote specifically argued that the California court should have jurisdiction over Aviva. (D.I. 39 at Ex. J)

Flintkote responds that Aviva misled it into believing that both parties would participate in binding arbitration, and cites to this Court's earlier finding in this case. (D.I. 42 at 8) (citing D.I. 28 at 8) However, following an appeal of that decision, the Third Circuit rejected this argument and found that "Flintkote could not have reasonably relied on Aviva's participation in mediation as a basis to believe binding arbitration would occur if the mediation failed."

---

[4] The Court agrees with Flintkote that Delaware is also a logical forum in which to litigate the parties' dispute. However, for the reasons explained throughout this Opinion, Flintkote's anticipatory filing in a logical forum is not dispositive under the totality of circumstances presented here.

8

*Flintkote Co. v. Aviva P.L.C.*, 769 F.3d 215, 223 (3d Cir. 2014). This Court is bound by that finding.

Flintkote contends that when Aviva instituted the second-filed California suit on February 19, 2013, its initial pleading was legally deficient and thus had to be refiled on March 15, 2013. (D.I. 41 at 9) Flintkote's position is that because the District Court for the Northern District of California did not properly acquire subject matter jurisdiction over the case, the first-filed rule is inapplicable. (*Id.*) Flintkote cites to this Court's decision in *Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 267–68 (D. Del. 1997), to support its position. This argument is misplaced. Aviva is not arguing that it filed the first complaint. Aviva instead seeks to dismiss the actual first-filed complaint on the equitable basis of Flintkote's complaint being an anticipatory filing. (D.I 39 at 9) It is irrelevant that the Northern District of California did not acquire subject matter jurisdiction until March 15, 2013, rather than February 19, 2013. Regardless, Aviva was unquestionably the second filer. The issue in *Schering Corp.* was whether a plaintiff's initial complaint could still be considered first-filed, despite the fact that the plaintiff lacked proper standing to sue until it filed an amended complaint after the opposing party properly filed its complaint. *Schering Corp.*, 969 F. Supp. at 266. The analysis of that issue has no bearing on the present dispute.

Flintkote denies forum shopping because it claims Delaware is a more convenient forum for both litigants. (*Id.* at 11) For support, Flintkote relies on *Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson*, 1999 WL 592399, at *3 (E.D. Pa. Aug. 5, 1999). According to *Zelenkofske*, Flintkote argues that filing suit in the most convenient forum negates the allegation of forum shopping. Flintkote leans on that opinion's statement that "to justify a disregard of the first-filed rule, forum shopping must be the sole reason for choosing one forum over another and thus will

9

rarely be found where the first action was filed in a logical place." *Id.*; *see also* D.I. 42 at 11–12)[5]

Flintkote contends that Delaware is a more convenient and logical forum because it now is the location of its bankruptcy estate. Flintkote also explains that as of the Effective Date of Flintkote's Plan, all the insurance actions (including the underlying dispute against Aviva) will vest in a § 524(g) "channeling" trust, which will be formed under Delaware law. (D.I. 42 at 13, *see* Ex. A at ¶ 7, 12) Since this trust will soon be the proper party in interest to this dispute, Flintkote argues, Delaware will be the more appropriate forum, rather than the location of Flintkote's former operations.[6] The Court finds that this argument is unpersuasive. First, unlike the defendant in *Zelenkofske*, there is ample evidence in the record to support a finding that Flintkote filed suit in anticipation of Aviva's forthcoming suit, and did so to avoid adverse law. Conversely, in *Zelenkofske*, the Court found that the plaintiff could "not show[] that defendants engaged in forum shopping or maneuvering to secure a forum with more favorable substantive or procedural law." *Id.* at *3. Second, essentially all of the characteristics Flintkote cites as support for the convenience of this Court existed in 2009, when Flintkote nevertheless filed suit in the Northern District of California and argued in favor of the application of California law. (D.I. 39, Ex. G) At that time, Flintkote had already filed for bankruptcy in Delaware, had long ceased operating, and had already proposed to create a § 524(g) trust under Delaware law. (*See* D.I. 43,

---

[5] The Court questions whether forum shopping must be the "sole reason" a party chose a forum in order to warrant applying the anticipatory filing exception. As the Third Circuit stated in *Univ. of Pa.*, "[b]ecause the first-filed rule is based on principles of comity and equity, it should not apply **when at least one of the filing party's motives** is to circumvent local law and preempt an imminent . . . action." *Univ. of Pa.*, 850 F.2d at 977 (emphasis added).

[6] Aviva argues that Flintkote's advocacy of this position is a violation of the Plan's Insurance Neutrality Language ("INL"). (*See* Bankr. Case No. 04-11300, D.I. 6336-2, at 41) The Court does not reach this question because it has decided transfer is warranted even assuming that Flintkote is not violating the INL.

Ex. B at 20, 47) (documenting proposal of § 524(g) trust under Delaware law in 2007)) This undermines Flintkote's argument that Delaware has become (or imminently will become) materially more convenient than previously.

Consequently, the Court finds that Flintkote engaged in an anticipatory filing that merits a departure from the first-filed rule. In accordance with the Third Circuit's opinion in *Univ. of Pa.*, this decision is compelled by: (1) Flintkote's filing this present action at a time it undeniably had knowledge of Aviva's intent to file an action adjudicating the same issues in the Northern District of California, and (2) Flintkote's motivation to avoid the adverse *Fuller-Austin* decision, which is evidenced by Flintkote's willingness to litigate insurance disputes in California before that decision was issued. *See Univ. of Pa.*, 850 F.2d at 977.

Rather than dismiss this case, the Court will instead transfer it to the United States District Court for the Northern District of California. At the March 18, 2015 hearing, both parties stated that if the Court finds that the anticipatory filing exception applies, they would prefer that the Court transfer the case to Aviva's chosen venue instead of dismissing it. The Court finds that this conditional consent provides an appropriate basis to transfer this case under 28 U.S.C. § 1404(a), as it will avoid another layer of inconvenience and cost attendant to refiling.

## V.     CONCLUSION

Accordingly, and for the foregoing reasons, the Court will grant Aviva's motion (D.I. 38) and transfer this case to the Northern District of California. An appropriate Order follows.

March 25, 2015                                          Honorable Leonard P. Stark
Wilmington, Delaware                                    UNITED STATES DISTRICT JUDGE