UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FLINTKOTE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>AVIVA PLC,<br><br>    Defendant. | Case No. 15-cv-01638-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUBSTITUTION OF PARTY; GRANTING PLAINTIFF'S MOTION TO ADD THE FLINTKOTE TRUST AS A PLAINTIFF; AND ADDING THE OCEAN MARINE INSURANCE COMPANY AND AVIVA INTERNATIONAL INSURANCE LIMITED AS PARTIES DEFENDANT**<br><br>Re: Dkt. Nos. 97, 98 |

This case involves several insurance policies, including an agreement concerning asbestos-related claims (the "Wellington Agreement"), and a 1989 agreement between The Flintkote Company and The Commercial Union Assurance Company Ltd. ("CU UK"). First Am. Compl. ("FAC") ¶¶ 2, 10, 13, 14, 23, Dkt. 85. Despite the complexity of the underlying insurance dispute, the first issue here is relatively simple: whether defendant Aviva PLC may substitute The Ocean Marine Insurance Company in its place as the sole defendant in the action. For the reasons that follow, the Court determines that this substitution is improper at this stage of litigation. Instead, pursuant to Federal Rule of Civil Procedure 21,[1] the Court deems it proper to add The Ocean Marine Insurance Company Limited, as well as Aviva International Insurance Limited (now alleged to be the first direct successor to CU UK) as defendants.

The second issue is whether The Flintkote Company, now undergoing a bankruptcy plan of reorganization, may add The Flintkote Trust ("The Trust") as a plaintiff. Because pending and

---

[1] "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

1   future asbestos bodily injury claims, all of The Flintkote Company's insurance coverage, and the
2   vast majority of The Flintkote Company's assets have been transferred to The Trust pursuant to
3   Section 524(g) of the Bankruptcy Code (11 U.S.C. § 524(g)),[2] the Court finds it proper to add The
4   Trust as a plaintiff pursuant to Federal Rule of Civil Procedure 25(c).[3]

The Court thus **DENIES** defendant's motion (Dkt. 97) and **GRANTS** plaintiff's motion (Dkt. 98).

### BACKGROUND

The Flintkote Company ("Flintkote") is a Delaware corporation that manufactured and distributed building materials, some of which contained asbestos fibers, in the United States and Canada. FAC ¶ 8. Aviva PLC ("Aviva") is a corporation organized under the laws of the United Kingdom and headquartered in London, England. *Id.* ¶ 7. Aviva PLC was alleged to be the successor to CU UK — prior to the present motion, which now claims a different company was the successor. *Id.* CU UK was one of Flintkote's many insurers, having subscribed to insurance policies covering asbestos-related claims for injuries sustained from 1979-1984. *Id.* ¶ 12, 18.

As claims related to asbestos exposure grew, in 1985 a number of asbestos manufacturers (including Flintkote) and their insurers entered into the Wellington Agreement. *Id.* Pursuant to the Wellington Agreement, producers and insurers agreed to take part in the Asbestos Claims Facility ("ACF"), a non-profit claims center which coordinated claims administration in order to process asbestos-related claims in an expeditious manner. *Id.* ¶ 10. Insurers who were part of the agreement generally paid claims processed by the ACF and costs associated with running the ACF. *Id.* CU UK did not immediately subscribe to the Wellington Agreement, but did enter into a separate settlement agreement with Flintkote — the 1989 Agreement. *Id.* ¶ 13, Exh. 1. The 1989 Agreement incorporated many of the provisions in the Wellington Agreement, *except that it*

---

[2] *See In re Flintkote Co.*, 486 B.R. 99, 106-07 (Bankr. D. Del. 2012) *aff'd sub nom*, *In re Flintkote Co.*, 526 B.R. 515 (D. Del. 2014).

[3] "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be . . . joined with the original party." Fed. R. Civ. P. 25.

United States District Court
Northern District of California

*allowed for litigation*, as opposed to the Wellington Agreement's binding arbitration procedure. *Id.* ¶ 13, 19, Exh. 2 at 13.[4] Thus Aviva, as the alleged successor to CU UK, avoided binding arbitration because CU UK had negotiated a separate and distinct agreement that provided for litigation in this and other courts. Since 2012, Aviva has represented to the Delaware Bankruptcy Court, the Delaware District Court, and the United States Court of Appeals for the Third Circuit, and to this Court, that it was "formerly known as CU UK." *See* Dkt. 103, Exh. 1 at 2, 5, 8, Exh. 2 at 2.

Aviva's present motion asserts that it was mistaken as to the true successor to CU UK. Dkt. 97. Aviva asserts that the proper defendant all along should have been Aviva International Insurance Limited ("AIIL"), an Aviva subsidiary, and that the confusion regarding the identity of CU UK's successor was caused by the two entities' similar names. *Id.* at 5. Aviva moves to substitute The Ocean Marine Insurance Company Limited ("Ocean Marine"), another Aviva subsidiary, in its place because AIIL's rights and obligations were allegedly transferred to Ocean Marine on November 14, 2011. *Id.* at 4.[5] Under these circumstance, the Court finds that the most prudent course of action at this early stage of litigation is to maintain the status quo, keep all parties in place but add the newly-named parties as additional defendants.

## LEGAL STANDARD

Two rules of civil procedure appear to govern this dispute. First, FRCP 25(c) provides that "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated with an interest in the lawsuit changes hands."

---

[4] The relevant text of the 1989 Agreement provided that, "Flintkote and [CU] U.K. shall resolve through litigation any disputed issues to this Agreement, and nothing contained in any provision of this Agreement or in any provision of the Wellington Agreement, as applied to this Agreement, shall require [CU] U.K. and Flintkote to resolve any disputes that may arise between them relating to this Agreement through ADR under the Wellington Agreement."

[5] Interestingly, Ocean Marine appears to be an original Wellington Agreement signatory, having signed the agreement on July 8, 1985. Dkt. 103 at 68. At oral argument, counsel for Aviva represented that this might have been a different Ocean Marine entity.

*In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (quoting *Matter of Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir. 1981). "Permitting the substitution of a bankruptcy trustee in the place of a debtor is among the transfers of interest that courts have found support substitution under Rule 25(c). *Copeland v. Techtronics Indus. Co., Ltd.*, 95 F. Supp. 3d 1230, 1235 (S.D. Cal. 2015) (collecting cases). "The decision to grant or deny substitution under Rule 25(c) rests within the sound discretion of the court." *Id.* (citing *In re Bernal*, 207 F.3d at 598); *see also U.S. for Use of Acme Granite & Tile Co. v. F.D. Rich Co.*, 437 F.2d 549, 553 (9th Cir. 1970) ("A district court has ample discretionary power to substitute parties.").

Second, FRCP 21 provides that, "On motion or on its own, the court may at any time, on just terms, add . . . a party." Fed. R. Civ. P. 21. In other words, when all parties needed for just adjudication are not before the court, it is permissible for the district court to join parties sua sponte. *See Bass v. Harbor Light Marina, Inc.*, 372 F. Supp. 786, 793 (D.S.C. 1974). It is for the Court to determine whether in fairness, because of the potential party's conduct, he may be made to answer in course of litigation. *Suburban Trust Co. v. Nat'l Bank of Westfield*, 211 F. Supp. 694, 699 (D.N.J. 1962).

## DISCUSSION

### I. Substitution of Ocean Marine in Place of Aviva as the Defendant

#### A. Parties' Contentions

Defendant Aviva seeks to have Ocean Marine substituted in its place as the defendant. Dkt. 97. As previously explained, Aviva contends that it was mistaken about the true identity of the successor to CU UK; and that AIIL, not Aviva, should have been the proper defendant all along. *Id.* at 4-5. All of AIIL's interests were then allegedly transferred to Ocean Marine as part of a corporate restructuring in November 2011, making Ocean Marine the correct defendant. *Id.*; *see* Dkt. 97-8, Exh. H.

Flintkote opposes the substitution on several grounds and contends that Ocean Marine and AIIL should both be joined as defendants. Flintkote argues that (1) Rule 25(c) is inapplicable because AIIL's interest did not transfer during the pendency of this action; (2) Flintkote has

1  suffered prejudice from Aviva's mistake; (3) Aviva should be judicially estopped from
2  disclaiming liability because it has gained an undue advantage from its mistake; and (4) Aviva
3  should remain liable through agency and alter ego theories. Dkt. 101 at 13-14.

4  The Court agrees with Flintkote and shall order AIIL and Ocean Marine be joined as
5  defendants in the present suit.

### B.    Rule 25(c) is not Applicable

Flintkote argues that Rule 25(c) is inapplicable because the interest transfer from AIIL to Ocean Marine did not occur during the pendency of this action. Dkt. 101 at 11. The Court agrees and finds that Rule 25(c) is not the appropriate avenue to address the substitution request.

"Rule 25(c) speaks to the situation in which an interest is transferred *during the pendency of an action*." 7C Charles Alan Wright, Arthur R. Miller, et al. *Federal Practice and Procedure* § 1958 (3d ed. 1998) (emphasis added) (internal quotations omitted). Here, the transfers occurred well before this action was filed. As described in its motion, Aviva asserts that (1) CU UK was incorporated in 1885 and became Commercial Union Assurance Company PLC in 1982; (2) it then became CGU International Insurance PLC in 1999; and (3) it most recently became AIIL in 2006. Dkt. 97 at 4. AIIL's rights and liabilities, including the policies at issue, were then allegedly transferred to Ocean Marine on November 14, 2011. *Id.* The present suit was filed on January 17, 2013. Dkt. 1. Rule 25(c) is therefore not applicable on its face because the transfer from AIIL to Ocean Marine occurred prior to the filing of this lawsuit. *See QSI-Fostoria DC, LLC v. General Elec. Capital*, 223 F.R.D. 465, 467 (N.D. Ohio 2004) (citing *Andrews v. Lakeshore Rehabilitation Hospital*, 140 F.3d 1405, 1407 (11th Cir. 1998)) ("[Rule 25(c)] applies only where the transfer of interest occurs during the pendency of the litigation, and not where the transfer occurred prior to [when] the litigation began.").

Accordingly, Aviva's motion for substitution of party is denied.[6]

---

[6] Having found that Rule 25(c) does not apply, the Court need not address all of Flintkote's Rule 25(c) arguments. The Court makes no determination as to Flintkote's agency or alter ego theories at this time.

### C. Joinder under Rule 21

Rule 21, however, permits parties to be added by order of the court on motion of any party, or of its own initiative at any stage of the action, on just terms. *See Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1040 (N.D. Cal. 2006) ("A court may invoke Rule 21 *sua sponte* to add a party . . . in order to cure a Rule 17 real party in interest defect.").

It is evident to the Court that there is some uncertainty as to who the proper defendant should be. While Aviva offers documents tracing the line of name changes as evidence that AIIL should have been the proper defendant all along (Dkt. 97, Exh. A-D), it is perplexing that so glaring a mistake could have been presented before multiple tribunals for such a lengthy period of time. And while Aviva contends that the mistake was not intentional, and that it would be prejudiced if it was required to remain a party to the present action (Dkt. 97 at 7), the Court is persuaded that the balance of equities favors Flintkote at this stage of litigation. As discussed above, this mistake has greatly benefitted Aviva — it has thus far enjoyed the freedom to pursue litigation in lieu of being subject to binding arbitration under the Wellington Agreement. Moreover, Flintkote, through no fault of its own, will have to incur additional fees and costs to determine the proper party due to Aviva's mistaken representation. To allow Aviva to substitute out at this time would be unjust.

Whether, as Aviva asserts, AIIL transferred *all* of its rights and interests in the policies at issue to Ocean Marine, and that such transfer is valid and fully enforceable, are questions which should be answered on a fuller factual record than is available to the Court at this time. While the Court is mindful of Aviva's concerns regarding the increased complexity and resource costs of joining AIIL and Ocean Marine as defendants, these unfortunate circumstances are a direct result of Aviva's years-long mistaken representation.

Accordingly, the Court finds that it is not appropriate at this time for Ocean Marine to be substituted in place of Aviva. In an effort to ensure that the proper parties are named in this case, this Court finds that, pursuant to Rule 21, it most appropriate to join Ocean Marine and AIIL as defendants in the present suit.

## II. California Insurance Code § 1616 Bond Posting Requirement

Plaintiff contends that Aviva should be required to post bond to cover a potential judgment as provided for under California Insurance Code § 1616. Dkt. 101 at 21-22. That statute provides the following:

> Before any nonadmitted foreign or alien insurer shall file *or cause to be filed* any pleading in any action, suit or proceeding instituted against it, the insurer shall either (1) procure a certificate of authority to transact insurance in this state; or (2) give a bond in the action, suit or proceeding in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in the action, suit, or proceeding.

Cal. Ins. Code § 1616 (emphasis added).

The Court is cognizant of California's role in regulating insurance practices in its own state. *Cf. Bank of San Pedro v. Forbes Westar, Inc.*, 53 F.3d 273, 275 (9th Cir. 1995) ("To disregard [§ 1616's requirements] would be to damage the mechanism by which California regulates insurance."), *cited with favor in Aqua-Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 669 (9th Cir. 1997). Other Courts have found it proper to impose California's insurance law bond posting requirement, even in federal court proceedings. *See, e.g.*, *Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 857-58 (9th Cir. 2005), *as amended by Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Illinois*, 433 F.3d 1089 (9th Cir. 2005); *Pacific Fisheries Corp. v. HIH Cas. & General Ins. Ltd.*, No. C97-4174, 1998 WL 920402, at *1 (N.D. Cal. June 29, 1998).

At the outset, the Court notes that all of the potential and current defendants are foreign UK entities, none of which have produced any documents indicating that they are authorized to transact insurance in California. Thus, regardless of identity of the proper defendant, a bond likely must be posted. Flintkote has offered in its opposition that the parties will confer and attempt to resolve the amount and characteristic of the bond. Dkt. 101 at 22. However, the statute requires that the "amount to be fixed by the court." Cal. Ins. Code § 1616. Although an answer has already been filed, the Court finds it appropriate to address the bond at this time while litigation is still at an early stage.

The Court therefore orders the parties to file supplemental briefs on the applicability of a bond, as well as a proposed amount for said bond, in order to cover any potential judgment.

7

### III. Addition of the Trust as a Plaintiff

As discussed above, Flintkote seeks to add The Trust as a plaintiff in the present suit pursuant to Rule 25(c). Dkt. 98 at 2. Flintkote filed Chapter 11 bankruptcy with the United States District Court of Delaware in May 2004. *Id.* at 3; *see also In re Flintkote Co.*, 486 B.R. 99, 106 (Bankr. D. Del. 2012) *aff'd sub nom*, *In re Flintkote Co.*, 526 B.R. 515 (D. Del. 2014). Its reorganization plan was confirmed by the Delaware Bankruptcy Court and affirmed by the Delaware District Court in August 2015; the plan's terms were set to go into effect on September 30, 2015. Dkt. 99. All of Flintkote's claims, future claims, and coverages regarding asbestos injuries, including the interests and claims at issue in the present suit, are now in The Trust. Dkt. 99.

Aviva filed a limited response stating that it does not oppose the motion as long as there are no substantive alterations to any party's rights and obligations or other issues before the Court. Dkt. 100 at 2.

The Court finds the addition proper and grants the motion to add The Trust as a plaintiff in this action.

///

///

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby **DENIES** defendant's motion for substitution of party and **ORDERS**, pursuant to Rule 21, that Ocean Marine Insurance Company Limited and Aviva International Insurance Limited be joined as defendants to this action. Dkt. 97. The Court hereby **GRANTS** plaintiff's motion to add The Flintkote Trust as a plaintiff in this action. Dkt. 98. The Court further **ORDERS** the parties to file supplemental briefs on the applicability and proposed amount of a bond **by January 15, 2016.**

The Court will conduct a **further Case Management Conference on <u>Friday, January 22, 2016 at 3:00 p.m.</u>** A joint Case Management Conference statement, including the newly-added parties, shall be filed by January 15, 2016.

**IT IS SO ORDERED**.

Dated: December 21, 2015

_____
SUSAN ILLSTON
United States District Judge