1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    FLINTKOTE COMPANY, et al.,                    Case No.  15-cv-01638-SI

          Plaintiffs,

8

          v.                                       **ORDER ON BOND AMOUNT**

9
                                                   Re: Dkt. Nos. 158, 159
10   AVIVA PLC, et al.,

          Defendants.

11

12

13        A recent order of this Court concluded that the clear language of California Insurance Code

14   section 1616 mandates that defendants post a bond to secure the payment of any final judgment

15   which may be rendered in the present action.[1]  *See* Dkt. No. 156 at 22-23.[2]  The parties were

16   ordered to submit statements concerning an appropriate bond amount.  Having reviewed these and

17   earlier statements submitted by the parties, the Court finds that a bond of $1.5 million (USD), plus

18   prejudgment interest,[3] is appropriate.  Dkt. Nos. 111, 113, 158, 159.

19   _____

20        [1] The Court again notes defendants' argument that Aviva PLC is not an insurer, but a
     holding company.  Dkt. 136 at 6-7.  As the Court made clear in its prior orders, in light of the
21   years-long mistake in identifying the actual successor insurer to CU UK, "[i]t is evident . . . that
     there is some uncertainty as to who the proper defendant in this case should be." Dkt. 107 at 6.
22   Defendants are presently jointly responsible for the bond amount levied; should Aviva PLC or
     Aviva International Insurance, Ltd. seek dismissal from this cause of action, counsel must file the
23   appropriate motion seeking summary adjudication as to these individual defendants. The Court is
     aware that "[i]t is elementary that a defendant is not liable on the bond if he is not a party to it . . .
24   and judgment may be entered only against those sureties who are named as defendants in the
     complaint[.]" *Russell v. United Pac. Ins. Co.*, 214 Cal. App. 2d 78, 91-92 (Cal. Ct. App. 1963)
25   (citations omitted).

26        [2] The page numbers cited refer to the page numbers generated by ECF.

27        [3] Flintkote concludes that prejudgment interest since 2002 on $1.5 million (USD) in arrears
     allegedly owed by defendants is $1 million (USD).  Dkt. No. 159 at 7.  Flintkote provides no
28   support for this figure; in any event, the Court **ORDERS** the parties to meet and confer and advise
     the Court of the figure they have ascertained based on Cal. Civ. Code § 3287.  *See infra* p. 3.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The Court observes at the outset that the purpose of the bond provision is to ensure that

2    non-admitted insurers have the capacity to pay monetary damages, which is comparable to that

3    demonstrated by admitted carriers through their on-going participation in the admissions process.

4    *See Trihedron Int'l Assurance, Ltd. v. Superior Court*, 218 Cal.App.3d 934 (Cal. Ct. App. 1990).

5    As Flintkote admits, the provision is not punitive or intended to be unduly burdensome.  *See* Dkt.

6    159 at 8 ("It is also noteworthy that this bond should not be burdensome or cost-prohibitive[.]").

7    The opposing parties to this action are familiar adversaries.  *See Flintkote Co. v. Aviva*

8    *PLC*, No. 15-CV-01638-SI, 2016 WL 1298861, at *1 (N.D. Cal. Apr. 4, 2016) ("The parties have

9    a decades-long relationship consisting of multiple legal challenges in a multitude of arbitral, state,

10   and federal fora.").  The present case is related to a suit defendant Aviva PLC originally filed

11   against Flintkote in this Court in February 2013.  *See Aviva PLC v. Flintkote Co.*, N.D. Cal. Case

12   No. 13-cv-00711-SI, Dkt. No. 46 (order relating case).  That original case proceeded roughly nine

13   months prior to being dismissed in November 2013 without prejudice to allow the Delaware

14   district court to determine whether Flintkote had properly filed in Delaware, or whether the case

15   should instead be transferred to California under the anticipatory exception to the first-filed

16   doctrine.  *Id.* at Dkt. No. 31 (order staying case); Dkt. No. 40 (order dismissing case).  The

17   Delaware district court ultimately determined that Flintkote had engaged in an anticipatory filing

18   that merited a departure from the first-filed rule, and transferred the case back to this Court.

19   *Flintkote Co. v. Aviva PLC*, No. CV 13-103-LPS, 2015 WL 1405922, at *5 (D. Del. Mar. 25,

20   2015) (order transferring case).

21   At no point during the pendency of the 2013 case did Flintkote insist that Aviva PLC post

22   a bond to secure a potential judgment, although it was undoubtedly aware of the possibility that

23   defendant was an unadmitted insurer, given its status as a United Kingdom corporation.  *See Aviva*

24   *PLC v. Flintkote Co.*, N.D. Cal. Case No. 13-cv-00711-SI, Dkt. No. 1 (defendant's complaint).

25   After the present case was transferred from Delaware on Aviva PLC's motion, the parties

26   proceeded another seven months prior to Flintkote's request that defendants post a bond.  *See* N.D.

27   Cal. Case No. 15-cv-1638-SI, Dkt. Nos. 54, 101.  The Court was sympathetic to Flintkote's

28   insistence on the bond at that time, given Aviva PLC's mistake in identifying the proper successor

to the original insurer, Commercial Union Assurance Company Ltd. ("CU UK").  *Id.* at Dkt. No. 107.

Flintkote's filings in this Court make clear, however, that the only currently ascertainable and reasonably certain monetary damage amount sought is $1.5 million (USD) — the amount for which defendants are alleged to be in arrears for billings owed.  Dkt. No 110 at ¶ 51.  The remainder of Flintkote's complaint seeks declaratory and injunctive relief as to future obligations under the relevant insurance policies as The Flintkote Trust begins to operate and pay covered asbestos bodily injury ("ASBI") claims over the next few years, including whether the policies cover defense costs and attorney's fees.  Additionally, Flintkote avers that defendants engaged in bad faith claims handling.  *See* Dkt. No. 156 at 25; Dkt. No. 110. at ¶ 5.

One court in this district has concluded that including bad faith damages at the bond stage pursuant to California Insurance Code section 1616 is unduly speculative, and this Court agrees. *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins. Ltd.*, No. C97-4174 CRB, 1998 WL 920402, at *1 (N.D. Cal. June 29, 1998).

As to future damages, the Court interprets the language of the bond requirement — that it be "*sufficient* to secure the payment of any final judgment which *may* be rendered in the action, suit, or proceeding"[4] — as imbuing it with discretion to adjust the amount on either party's motion as necessary.  *Cf. Oiye v. Fox*, 211 Cal. App. 4th 1036, 1061 (Cal. Ct. App. 2012) (reasoning that the bond amount is within the Court's sound discretion).  The Court therefore orders as follows:

(1) The parties are **ORDERED** to file a joint statement of no more than three pages, **no later than May 16, 2016**, concerning the appropriate prejudgment interest amount, based on Cal. Civ. Code § 3287.[5]

---

[4] Cal. Ins. Code § 1616 (emphasis added).

[5] The Court has previously provided the parties with two opportunities to brief what bond amount is appropriate.  The parties have, unfortunately, interpreted this as an independent opportunity to litigate the merits of each side's case.  Dkt. Nos. 111, 113, 158, 159.  This Court is therefore reluctant to request further briefing on the question of prejudgment interest, fearing more of the same.  However, the parties are in the best position to make the calculation.

United States District Court
Northern District of California

Following the Court's receipt of this statement the Court:

(2) Defendants are **ORDERED** to post a $1.5 million (USD) bond, plus prejudgment interest as advised by a later order of this Court.  Defendants shall post this bond amount with all deliberate haste.

The Court retains jurisdiction to adjust the bond amount.  If a party wishes to move the Court to adjust this amount the moving party must satisfy the Court that good cause exists to warrant such adjustment.

**IT IS SO ORDERED**.

Dated: May 9, 2016

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

4